UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cr-00115-MOC-DCK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **KYRIS JORDAN FRANK,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's Pro Se Motion to Reduce Sentence Pursuant to USSC Amendment 821. (Doc. Nos. 45, 46). The Government has not responded to Defendant's motion.

### I. Background

In April 2021, a federal grand jury indicted Defendant for two counts of possession of a firearm by a felon, 18 U.S.C. § 922(g); one count of carjacking, 18 U.S.C. § 2119; and one count of possession and brandishing of a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c). (Doc. No. 1). Defendant pleaded guilty to counts one, two, and four of the indictment (the two § 922(g) offenses and the § 2119 offense), and the Court accepted Defendant's plea in December of 2021. (Doc. Nos. 19, 20).

The probation office submitted a presentence report, calculating a total offense level of 28 for the firearm and carjacking offenses. (Doc. No. 38). Based on prior offenses, the probation office assessed Defendant five criminal history points, for a criminal history category of III. (Id.). Based on Defendant's offense level and criminal history category, the probation office concluded that the Sentencing Guidelines advised a sentence of between 97 and 121 months' imprisonment.

1

At sentencing, the Court varied downward and imposed a sentence of 84 months imprisonment on each count, to be served concurrently, followed by two years' supervised release. (Doc. Nos. 43, 44). Defendant now asks this Court to reduce his sentence based on Amendment 821 to the Sentencing Guidelines.

**II.    Legal Standard**

Amendment 821 to the Sentencing Guidelines made two changes to chapter 4 of the Sentencing Guidelines related to a defendant's criminal history. See U.S.S.G. amend. 821. The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2). U.S.S.G. amend. 825; see U.S.S.G. § 1B1.10(d).

Part A of the amendment alters Sentencing Guidelines § 4A1.1 to strike the two status points previously assessed under § 4A1.1(d) for defendants who committed their offense while under any criminal-justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. Id. pt. A. Part A adds a new subsection (e) that adds one criminal-history point for any defendant who receives 7 or more points and who committed his offense while under any criminal-justice sentence as described above. Id.

Part B, Subpart 1, of Amendment 821 adds a new guideline provision to chapter four, U.S.S.G. § 4C1.1. This new guideline authorizes a two-offense-level decrease if a defendant has (1) zero criminal-history points, and (2) did not receive a terrorism adjustment under U.S.S.G. § 3A1.4; (3) did not use violence or credible threats of violence in connection with the offense; (4) the offense did not result in death or serious bodily injury; (5) the offense was not a sex offense; (6) did not personally cause substantial financial hardship; (7) did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon in

connection with the offense; (8) the offense was not an offense involving individual rights covered by U.S.S.G. 2H1.1; (9) did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and (10) did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848. U.S.S.G. 4C1.1.

For defendants who meet the requirements of Amendment 821, Sentencing Guidelines § 1B1.10 governs eligibility for a sentence reduction. Section 1B1.10(a)(1) authorizes a district court generally to reduce a defendant's sentence in any case in which a defendant is serving a term of imprisonment and the guideline range applicable to the defendant "has subsequently been lowered as a result" of a retroactively applicable amendment to the Guidelines." A defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). A court is limited to a reduction to the bottom of the amended guideline range, after calculating the range that would have applied had the guideline amendment been in effect when the defendant was sentenced. Id. § 1B1.10(b)(2). In calculating the amended range, "the court shall substitute only" the retroactively applicable guideline amendment and "leave all other guideline application decisions unaffected." Id. § 1B1.10(b)(1). If the defendant received a sentence below the applicable guideline range based on a motion filed by the United States for substantial assistance, the court may reduce the defendant's sentence to a term "comparably less than the amended guideline range." Id. § 1B1.10(b)(2)(B). Under no circumstances shall a defendant's sentence be reduced to a term less than the term he has already served. Id. § 1B1.10(b)(2)(C).

3

### III. Analysis

Defendant is not eligible for a reduction in his sentence. The probation office did not assess him points because he committed his offense while under a criminal-justice sentence, as required for eligibility under Part A of Amendment 821. And Defendant was assessed five criminal-history points, not the zero required for eligibility for reduction under Part B, Subpart 1, of Amendment 821. Defendant's use of a firearm in connection with his carjacking offense also renders him ineligible for reduction under Part B, Subpart 1.

Because Defendant has not shown that he is eligible for a sentence reduction, the Court willy his motion.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Pro Se Motion to Reduce Sentence Pursuant to USSC Amendment 821 (Doc. No. 45) is **DENIED**.

Signed: May 29, 2024

Max O. Cogburn Jr
United States District Judge